**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,                                         Criminal No. 11-377 RHK/AJB

          Plaintiff,

v.                                                               **REPORT AND RECOMMENDATION**

LAMARCO TREASE BELL,

          Defendant.


       Jeffrey S. Paulsen, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

       Douglas Olson, Esq., for the defendant, Lamarco Trease Bell.


       This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on January 20, 2012, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. An exhibit was received with regard to suppression of search and seizure evidence.

       Based upon the file and documents contained therein, along with the evidence presented at hearing and the memorandums of counsel, the magistrate judge makes the following:

**Findings**

       **Search Warrant.** On December 6, 2011, Hennepin County District Court Judge Robert Small issued a warrant to search a particularly described residential premises, along with associated garages and storage units, in Minneapolis, Minnesota. (Hrg. Ex. 1). The search warrant further authorized the search of two particularly identified automobiles. The warrant described the objects of the warrant as controlled substances, receipts and papers relating to the sale of drugs, books and records relating to transportation of drugs, address and telephone

records, banking and financial records, travel documents, safe deposit box agreements and keys,

money and valuables, photos, drug packaging materials, firearms and ammunition,

communications devices, and billings and papers indicating constructive possession of items.

The warrant was issued on the basis of probable cause contained in the Affidavit of Bloomington

Police Department Officer D. Otterness, including information obtained from a cooperating

defendant, state driver and vehicle records search, surveillance, and a controlled drug purchase.

Based upon the foregoing Findings, the magistrate judge makes the following:

## Conclusions

**Search Warrant.** Evidence seized pursuant to a warrant to search a particularly

described residential premises and two automobiles in Minneapolis, Minnesota (Hrg. Ex. 1) was

not unlawfully obtained in violation of the constitutional rights of defendant Lamarco Trease

Bell. The residence search warrant was issued on December 6, 2011, and was based upon

sufficient probable cause as stated in the Affidavit of Bloomington Police Department Officer D.

Otterness, and as determined by Hennepin County District Court Judge Robert Small. The

warrant properly and sufficiently identified the location of the search and the items to be seized.

The search warrant in this matter was lawfully issued and there is no requirement for suppression

of evidence seized pursuant to the warrant.

The search warrant affidavit states that a controlled drug buy was conducted in

which an "unwitting individual" (UI) was used as an intermediary for a purchase made by an

identified and reliable cooperating defendant (CD), and that the UI told the CD that there was

crack cocaine and marijuana inside the search residence. Defendant contends that the affidavit is

insufficient because it provides no information regarding an actual drug transaction inside the

search residence, and that the information provided by the UI, and reported secondhand by the

CD, does not contribute to probable cause because it was not based upon the CD's personal

knowledge.

Probable cause exists where there is a "fair probability that contraband or

evidence of a crime will be found in a particular place." United States v. Hartje, 251 F. 3d 771,

774 (8th Cir. 2001); United States v. Hansel, 524 F. 3d 841, 845 (8th Cir. 2008).  It is to be

determined in light of  the totality of circumstances.  Id.  An informant's tip may be sufficient if

the informant has provided reliable information in the past or if it is corroborated by independent

evidence.  United States v. Leppert, 408 F.3d 1039, 1041 (8th Cir. 2005).

The warrant affidavit in this instance states that the CD had been shown to be a

reliable informant on the basis of previous controlled purchases and monitored phone calls,

though his assistance was provided in exchange for future consideration related to federal drug

charges.  Furthermore, the UI's communications with the CD, including the UI's comments

regarding drugs currently in the defendant's residence, were monitored and recorded by officers,

thereby elimination inconsistent reporting by the CD.  The affidavit states that officers observed

the UI leaving the defendant's residence to meet the CD for the controlled buy in a vehicle, and

officers thereafter observed the CD deliver the UI to an alley from which the UI was observed

entering the defendant's residence after the transaction.  Considering the totality of

circumstances there was a nexus between the residence and the controlled drug buy and there

was sufficient evidence to establish probable cause for issuance of the search warrant.

**Good Faith.**  In any event, the warrant issued on December 6, 2011, to search

defendant's residence was executed by officers having a objective good faith reliance on the

validity of the warrant, and the search was lawful on that account.  United States v. Leon, 468

U.S. 897, 922-23 (1984).  There is no evidence that the issuing judge was intentionally or

recklessly misled by false information in an affidavit; there is no suggestion that the judicial role

was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is

not insignificant; and the warrant is not facially deficient.  United States v. Hessman, 369 F.3d

1016, 1020 (2004)(citing Leon, 468 U.S. at 923).

Based upon the foregoing Findings and Conclusions, the magistrate judge makes

the following:

### RECOMMENDATION

The Court **hereby recommends** that defendant Lamarco Trease Bell's Motion to

Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 22].


Dated:     February 6, 2012

                 s/Arthur J. Boylan
                 Arthur J. Boylan
                 United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 21, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.